UNITED STATES of America, Plaintiff-Appellee,

v.

Paul Edward COX, Defendant-Appellant.

No. 29181

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Dec. 3, 1970.

* ▆ Rule 18, 5th Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of

New York et al., 5th Cir., 1970, 431 F.2d 409, Part I.

Mike Barclay, Dallas, Tex., for defendant-appellant.

Eldon B. Mahon, U. S. Atty., Charles D. Cabaniss, Asst. U. S. Atty., Andrew Barr, Dallas, Tex., for plaintiff-appellee.

Before BELL, AINSWORTH, and GODBOLD, Circuit Judges.

PER CURIAM:

This is a direct appeal from a judgment revoking probation. We affirm.

Appellant pleaded guilty on January 23, 1968 to a violation of 18 U.S.C. § 1701 which offense carries a maximum penalty of six months imprisonment, a $100 fine or both. Imposition of sentence was suspended under the Federal Youth Corrections Act, 18 U.S.C.A. § 5010(a), and appellant placed on probation for two years. On January 25, 1969 appellant's probation was revoked on motion of the probation officer and he was sentenced under the provision of the Youth Corrections Act.

Appellant first contends that his probation was wrongfully revoked on the basis of hearsay evidence that he was involved in a burglary. It is true that there was some testimony that appellant was involved in a burglary. It appears, however, that appellant's probation was revoked because "said defendant has violated the conditions of his probation in that he admitted to the United States Probation Officer and in open court that he had not kept the probation officer advised of his whereabouts nor report to the probation officer as directed." Thus there is no merit in the claim that the revocation was based on hearsay evidence.

Appellant further contends that the procedures taken against him were unlawful and illegal in that he was not apprised of the possible severity of a sentence under the Youth Corrections Act. The record shows clearly that appellant was fully advised concerning the provisions of this Act.

The judgment of the district court is affirmed.

* Rule 18, 5th Cir., See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir., 1970, 431 F. 2d 409, Part I.